DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

CLAUDIA A. QUIROZ (CABN 254419)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7428
    FAX: (415) 436-7234
    Email: claudia.quiroz@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ILIA NALBANS,<br><br>    Defendant. | NO. CR 15-0234 CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Sentencing Date: June 19, 2019<br>Sentencing Time: 10:00 a.m.<br>Court: Hon. Charles R. Breyer |

## INTRODUCTION

On March 15, 2019, Defendant Ilia Nalbans pled guilty to Counts Eight and Nine of the Second Superseding Indictment, charging him with Forging Endorsements on Treasury Checks and aiding and abetting the same, in violation of 18 U.S.C. §§ 510 and 2. Nalbans pleaded guilty pursuant to a plea agreement with the government under Rule 11(c)(1)( B).

The Probation Officer recommends time served, three years of supervised release, no fine, a special assessment fee of $200, and restitution in the amount of $17,215. The government agrees with Probation's calculation and recommended sentence. The parties made a mutual drafting error in the

Guidelines calculation in the plea agreement with respect to the specific offense characteristics enhancement under U.S.S.G. § 2B1.1(b)(1)(C). The Guidelines calculation in the plea agreement includes a six-level enhancement for the loss amount, yet the correct enhancement under § 2B1.1(b)(1)(C) is +4. This results in an adjusted offense level of 8 (not 10) and a Guidelines Range of zero to six months.[1] The government believes that a sentence of time served is sufficient, but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. § 3553(a).

## DISCUSSION

### A.     The Defendant's Offense Conduct

The offense conduct is sufficiently set forth in the Presentence Investigation Report ("PSR"). *See* PSR ¶¶ 16-22. In summary, in 2012, the defendant engaged in a tax check fraud scheme, in which he knowingly and intentionally delivered to an informant, whom he believed was a co-conspirator, fraudulent United States' Treasury (UST) tax refund checks so the informant could cash the checks. Nalbans admits and agrees that the total loss amount and restitution he is responsible for is $17,215. These UST checks were obtained by others or the defendant filing fraudulent tax returns. The rightful owners of these checks did not know that tax returns were being filed on their behalf.

On approximately five different occasions in 2012, Nalbans provided the informant with pages of personal identifying information belonging to numerous individuals for purposes of obtaining corresponding NetSpend pre-paid credit accounts. The lists contained the names of people for whom others or the defendant would file fraudulent income tax returns or for whom fraudulent tax returns had already been filed. After buying several NetSpend credit card accounts from the informant for $100 apiece, the defendant would use them to purchase money orders and later cash them through the informant. The pre-paid credit card accounts were necessary in order to liquidate the tax fraud return proceeds.

In October 2012, Nalbans gave two fraudulent UST tax refund checks to cash to the informant. The first UST check, number 3158-3886673, was made payable to Michael Pearse at 706 South Hill Street, Suite 870, Los Angeles, California in the amount of $7,674. The Second UST check, number

---

[1] All other provisions and calculations in the plea agreement are correct.

U.S. SENTENCING MEMORANDUM
CR-15-00234 CRB

3158-36786520, was made payable to Thien Visonnavong & J Morales, 14030 Lambert Rd., Apt. 568. Whittier, California, in the amount of $9,541. On October 22, 2012, the informant notified Nalbans that he would not cash the checks and returned them. Nalbans then drove from the informant's business to meet with a co-defendant and delivered the two checks to him.

Also in 2012, Nalbans negotiated other UST checks with the informant, some of which were mailed to the Lambert Road address discussed above. He told the informant he had over $200,000 UST checks he wished to cash. The defendant provided the informant photocopies of California identification documents which matched the payee names on the checks. He also negotiated numerous other checks and money orders with the information, which were made payable to persons other than the defendant. Specifically, on different occasions, he sent various medical checks, some of the issued from Hanmi Bank, to his co-conspirator, so he could cash them for Nalbans.

**B.     The Defendant's Guideline Calculation**

The government agrees with the Guidelines calculation in the PSR, which are set forth below. PSR ¶ 37.

a. Pursuant to U.S.S.G. § 2E1.1(a), the base offense level for Counts Eight and 9 is 6.

b. Special Offense Characteristics:                                                       + 4
The underlying activity in Counts Eight and Nine involves, among other activity, forging endorsements on treasury checks. The defendant is responsible for $17,215. Therefore, special offense characteristics apply because the loss amount is greater than $15,000 but less than $40,000. *See* U.S.S.G § 2B1.1(b)(1)(C).

c. Acceptance of Responsibility:                                                         - 2
If he meets the requirements of U.S.S.G. § 3E1.1, the defendant may be entitled to a two- level reduction for acceptance of responsibility, provided that he forthrightly admits guilt, cooperates with the Court and the Probation Office in any presentence investigation ordered by the Court, and continues to manifest an acceptance of responsibility through and including the time of sentencing.

d. Adjusted Offense Level:                                                                8

With an adjusted offense level of 8 and a Criminal History Category of I, the applicable Guidelines Range is 0 to 6 months of imprisonment.

U.S. SENTENCING MEMORANDUM
CR-15-00234 CRB

Due to a mutual drafting error in the guideline calculation by both parties, the adjusted offense level noted in the plea agreement of 10 is incorrect. The specific offense characteristics and corresponding enhancement under § 2B1.1(b)(1)(C) is +4, not +6. Therefore, as the Probation Officer notes, Nalbans' adjusted offense level is 8, with a Guidelines Range of 0-6 months of imprisonment. The government concurs with Probation's sentencing recommendation of time served.

### C. A Sentence of Time Served Is Sufficient but Not Greater than Necessary to Achieve the Goals of Sentencing

Nalbans' criminal conduct in this case involves forging United States' Treasury tax refund checks as described above. He has no prior criminal history and other than his conduct relating to the instant case, he appears to have lived as a law-abiding individual. The government believes that he has fully accepted responsibility for his actions so it moves for the third point for acceptance of responsibility. In light of the circumstances and Nalbans' conduct, the government believes that a sentence on the low-end of the Guidelines Range—time served—is sufficient, but not greater than necessary, to achieve the sentencing goals. The Court should order Nalbans to pay restitution in the amount of $17,215—as he has agreed. This recommended sentence will promote Nalbans' respect for the law, provide him just punishment, and adequately deter him from criminal conduct. The key 3553(a) factors here are the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1), the need for the sentencing goals to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment, § 3553(a)(2)(A), the need to provide adequate deterrence to criminal conduct, § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, § 3553(a)(2)(C).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

U.S. SENTENCING MEMORANDUM
CR-15-00234 CRB

## **CONCLUSION**

For the reasons set forth above, the government respectfully requests that the Court sentence the defendant to time served, three years of supervised release, the special search condition set forth in the plea agreement, a $200 special assessment fee, and restitution in the amount of $17,215.

DATED: June 13, 2019					Respectfully submitted,

							DAVID L. ANDERSON
							United States Attorney

							       /s/
							CLAUDIA A. QUIROZ
							Assistant United States Attorney